IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PASCUAL CRUZ BONILLA,

     Petitioner,

v.                                                            No. 2:26-cv-00824-KG-GBW

MARY DE ANDA-YBARRA, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Pascual Cruz Bonilla's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 7. Petitioner, proceeding pro se, filed the petition through his daughter. Doc. 1 at 11. For the reasons below, the Court denies the petition.

### I.    Background

Petitioner, a 52-year-old native and citizen of Honduras, entered the United States in 1999 near Brownsville, Texas without inspection. Doc. 1 at 16. He suffers from a serious heart condition and has a pacemaker. Doc. 1 at 6.

Immigration and Customs Enforcement ("ICE") took Petitioner into custody on September 1, 2025. *Id.* at 4. He is currently detained at Otero County Processing Center in Chaparral, New Mexico. *Id.* At the outset of detention, an immigration judge ("IJ") denied bond because Petitioner had "not met his burden of showing that he is not a flight risk." Doc. 7-5 at 1.

Petitioner challenges his "prolonged detention," alleging that the IJ lacked "sufficient justification" to deny bond because he "is not a danger to [the] community" or "a flight risk." *Id.* at 4–5. He also argues that the continued immigration detention "makes it difficult to receive proper care" for his heart condition and therefore "endangers his health." *Id.* at 6. He contends

1

that "exhaustion should be excused" because of his health concerns.  *Id.* at 4.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

## III.    *Analysis*

As an initial matter, § 1226 governs Petitioner's detention.  Petitioner has lived in the United States for nearly three decades and was not arrested at a port of entry or near the border. Doc. 1 at 4–5.  He therefore was not seeking admission at the time of his arrest.

The Court nonetheless declines to grant relief because Petitioner received a bond hearing under § 1226.  The IJ considered the record and denied bond as a matter of discretion, finding that Petitioner failed to carry his burden of showing he is not a flight risk.  Doc. 7-5 at 1.  That is

all § 1226 requires.  This case is unlike those in which an IJ refuses to hold a bond hearing or declines to reach the merits for lack of jurisdiction.  *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.); *Melendez Aldarozo v. Noem*, 2026 WL 735379, at *1 (D.N.M.).  Here, the IJ held a hearing and decided the issue.

Petitioner also raises concerns about his medical care in detention.  *See* Doc. 1 at 6.  The Court takes those concerns seriously.  But such claims challenge the conditions of confinement, not the fact of detention, and are not a basis for habeas relief.  Detainees "who wish to challenge only the conditions of their confinement...must do so through civil rights lawsuits...not through federal habeas proceedings."  *Standifer v. Ledezma*, 653 F.3d 1276, 1278 (10th Cir. 2011). These claims do not provide a basis for the relief sought here.

## IV.    Conclusion

The Court denies the Petition, Doc. 1.  To the extent Petitioner challenges the IJ's discretionary denial of bond, that challenge is properly directed to the administrative process, including review by the Board of Immigration Appeals.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.